[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11533
_____

D.C. Docket No. 1:10-cv-21045-FAM

TIANDRE WILLIAMS,

Plaintiff - Appellant,

versus

MIAMI-DADE COUNTY,
OFFICER JOSE DE LA PAZ,
individually,
OFFICER ROLAND GARCIA,
individually,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 16, 2013)

Before DUBINA, Chief Judge, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Tiandre Williams appeals the district court's order granting summary

judgment to Miami-Dade County ("County"), Officer Jose de La Paz, and Officer

Roland Garcia. Mr. Williams brought suit under 42 U.S.C. §1983 and state tort causes of action after Officer de La Paz arrested him and subjected him to a chokehold, which he contends caused him to have a seizure and pass out. Mr. Williams raises four issues on appeal. First, he contends that the district court erred in holding that Officer de La Paz did not violate his clearly established rights to be free from excessive force. Second, he argues that the district court erred in dismissing his failure to intervene claim against Officer Garcia. Third, he takes issue with the district court's holding that Miami-Dade Police department's Use of Force Policy did not constitute an official municipal policy upon which Monell liability could be based. Finally, Mr. Williams argues that the district court erred in dismissing his state tort law claims.

After reviewing the record, we affirm the district court's grant of summary judgment as it relates to the County's liability under Monell and the state tort law claims against the County and the individual officers. However, we conclude that the district court erred in granting summary judgment against Mr. Williams' §1983 claims as they relate to Officer de La Paz and Officer Garcia. Viewing the evidence in the record in the light most favorable to Mr. Williams, as we must at the summary judgment stage, summary judgment was improperly granted on these claims because if Mr. Williams' version of the events was accepted as true, a reasonable jury could conclude that Officer de La Paz used excessive force in

2

arresting Mr. Williams and that Officer Garcia failed in his constitutional duty to intervene to prevent the use of excessive force in his presence. Although the officers dispute Mr. Williams' version of the events at issue in this case, a dispute of material facts must be resolved by a jury and precludes the entry of summary judgment.

Therefore, we AFFIRM IN PART, REVERSE IN PART, and REMAND the case to the district court for proceedings consistent with this opinion.